IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-04204 (EAG) |
| DELVIN Y. VAZQUEZ RODRIGUEZ, | |
| DEBTOR. | |
| DELVIN Y. VAZQUEZ RODRIGUEZ, | ADVERSARY NO. 14-00268 (EAG) |
| PLAINTIFF, | |
| v. | |
| COOPERATIVA DE AHORRO Y CREDITO DE CABO ROJO, | |
| DEFENDANT. | FILED & ENTERED ON 05/10/2016 |

**OPINION AND ORDER**

On September 19, 2014, Delvin Vazquez Rodriguez ("Mr. Vazquez," or the "debtor") was arrested after failing to appear at a post-judgment hearing in local court. Cooperativa de Ahorro y Credito de Cabo Rojo (the "Coop") had prevailed in a collection action against Mr. Vazquez and was now seeking to enforce its judgment. (Adv. Dkt. No. 1.) Mr. Vazquez, however, filed for bankruptcy under chapter 7 several months earlier. (Bankr. Dkt. No. 1.) So, on November 25, 2014, Mr. Vazquez initiated an adversary proceeding against the Coop for violation of the automatic stay and the discharge injunction. (Adv. Dkt. No. 1.)

Pending before the court are cross motions for summary judgment, as well as the oppositions and replies thereto. (Adv. Dkt. Nos. 17, 39, 60 & 64.) For the reasons stated below, the court denies both motions.

## I. Jurisdiction.

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. Statement of Facts.

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings through Bankruptcy Rule 7056 and Local Bankruptcy Rule 1001-1(b) and (d), respectively:

On February 19, 2013, the Coop filed a collection action concerning a small personal loan against Mr. Vazquez in the court of First Instance, Cabo Rojo Part. (Adv. Dkt. No. 54 at p. 6; Adv. Dkt. No. 60 at p. 5; Adv. Dkt. No. 34-1.) Mr. Vazquez failed to appear at a hearing on the matter in June 2013, and the local court entered default judgment against him on August 1, 2013. (Adv. Dkt. No. 54 at pp. 6-7; Adv. Dkt. No. 60 at p. 5; Adv. Dkt. No. 40-2.) After Mr. Vazquez did not pay timely the amount due under the judgment, the Coop filed a motion for a supplementary proceeding to examine the debtor's assets to aid in the execution of the judgment. (Adv. Dkt. No. 54 at p. 7; Adv. Dkt. No. 60 at p. 5; Adv. Dkt. No. 40-3.) Mr. Vazquez was subpoenaed to appear at a hearing set for May 20, 2014. (Adv. Dkt. No. 54 at p.7; Adv. Dkt. No. 60 at p. 5; Adv. Dkt. No. 40-4.) When Mr. Vazquez did not do so, the local court entered an

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

order for him to show cause as to why he should not be found in contempt. (Adv. Dkt. No. 54 at pp. 7-8; Adv. Dkt. No. 60 at p. 5; Adv. Dkt. No. 40-5.) The matter was re-set for July 1, 2014. Id. After the debtor again failed to appear, the court entered an order for his arrest. (Adv. Dkt. No. 54 at pp. 11-12; Adv. Dkt. No. 60 at p. 11; Adv. Dkt. No. 40-12.) On September 19, 2014, Mr. Vazquez was arrested. (Adv. Dkt. No. 54 at p. 12; Adv. Dkt. No. 60 at p. 11; Adv. Dkt. No. 40-14.)

Prior to this, on May 27, 2014, Mr. Vazquez had filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. (Adv. Dkt. No. 54 at p. 8; Adv. Dkt. No. 60 at p. 6; Bankr. Dkt. No. 1.) The Coop was not included on the creditor matrix filed with the petition. Id. Mr. Vazquez, however, filed an amended schedule D on June 4th to include the Coop's secured claim corresponding to the loan, and an amended schedule B on June 5th to include shares in the Coop among his personal property. (Adv. Dkt. No. 17, p. 2; Adv. Dkt. No. 54, pp. 1-2; Bankr. Dkt. Nos. 10 & 13.) The parties dispute whether the Coop received notice of the amended schedules.

The meeting of creditors was held on June 24, 2014 and closed the following day. (Adv. Dkt. No. 17 at p. 2; Adv. Dkt. No. 54 at p. 2; Bankr. Dkt. Nos. 7 & 15.) On June 25, 2014, the chapter 7 trustee filed a report of no distribution. (Adv. Dkt. No. 17 at pp. 2-3; Adv. Dkt. No. 54 at p. 2; Bankr. Dkt. No. 16.) On September 2, 2014, the court entered an order discharging the debtor. (Adv. Dkt. No. 17 at p. 3; Adv. Dkt No. 54 at p. 3; Bankr. Dkt. No. 20.) The Coop insists that it never received notice of these court orders.

Although the parties disagree about when the Coop learned that Mr. Vazquez had filed for bankruptcy, it is uncontested that the Coop filed a motion to stay the proceedings in local

3

court on the day of Mr. Vazquez's arrest. (Adv. Dkt. No. 54 at p. 13; Adv. Dkt. No. 60 at p. 12; Adv. Dkt. No. 40-15.)

### III. Summary Judgment Standard.

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir.

4

2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

Cross-motions for summary judgment do not alter this standard, but rather require the court "to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010).

## IV. Applicable Law and Discussion.

"Two of the fundamental protections afforded a debtor under the bankruptcy system are the automatic stay and the discharge injunction." Lopez v. Doral Bank (In re Lopez), 500 B.R. 322, 324 (Bankr. D.P.R. 2013). The two work in concert. The filing of a bankruptcy

5

petition triggers an automatic stay of, among other things, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1). The stay also forbids "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case] . . . ." 11 U.S.C. § 362(a)(6). Similarly, the entry of a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, that "a violation of the automatic stay has occurred, that the violation was willfully committed by the [defendant], and that the debtor suffered damage as a result of the violation." In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant had knowledge of the stay and intended the actions that constituted the violation. Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).

Likewise, a debtor asserting a violation of the discharge injunction "must show that the creditor knew that the discharge order [was] entered and intentionally engaged in conduct that violated it." In re Zine, 521 B.R. 31, 38 (Bankr. D. Mass. 2014). Since section 524 does not provide for a specific remedy within the statute, bankruptcy courts have invoked section 105(a) to enforce the discharge injunction under the mechanism of civil contempt. United States v. Rivera Torres (In re Rivera Torres), 309 B.R. 643, 647 (B.A.P. 1st Cir. 2004). To date, the First Circuit has not expressly determined whether the appropriate burden of proof for

6

such an action should be preponderance of the evidence or clear and convincing evidence. <u>See</u> <u>Ameriquest Mortg. Co. v. Nosek (In re Nosek)</u>, 544 F.3d 34, 43n.7 (1st Cir. Mass. 2008); <u>In re</u> <u>Pratt</u>, 462 F.3d 14, 21 (1st Cir. 2006)(collecting cases). At least one bankruptcy court in this district, however, has applied the clear and convincing evidence standard. <u>See Laboy v.</u> <u>Firstbank P.R. (In re Laboy)</u>, 2010 Bankr. LEXIS 345, *18 (Bankr. D.P.R. Feb. 2, 2010) ("Civil contempt must be proven by clear and convincing evidence.") (citing <u>Ellis v. Dunn (In re</u> <u>Dunn)</u>, 324 B.R. 175, 179 (D. Mass. 2005)).

In this case, the debtor argues that while the Coop was initially left off of the creditor matrix filed with the petition, that this mistake was quickly remedied, giving the Coop adequate notice that Mr. Vazquez had filed for bankruptcy. (Adv. Dkt. No. 17 at pp. 15-18.) The Coop was then obligated to stay its post-judgment collection efforts against Mr. Vazquez in local court first under section 362(a)(1) and, after discharge had been entered, pursuant to section 524(a)(2). <u>Id.</u> The Coop's failure to do so led to Mr. Vazquez's arrest.

The Coop counters that it only learned that Mr. Vazquez had filed for bankruptcy on the day he was arrested, and that it moved the local court to stay the proceedings immediately upon learning of that fact. (Adv. Dkt. No. 39 at pp. 14-24.) Additionally, the Coop argues that Mr. Vazquez's arrest was not due to any action on its part, but was entirely his own fault for failing to appear at the local court hearings. (Adv. Dkt. No. 64 at p. 7.) The court addresses each argument in turn.

The Notice Requirement

Examining the docket, the Coop's position that it did not know that Mr. Vazquez had filed for bankruptcy prior to the day of his arrest would in essence mean that it never received

7

notice of the following filings: the petition, the notice of the meeting of creditors, amended schedules B and D, the trustee's report of no distribution, the court's order discharging the debtor, and the court's order discharging the chapter 7 trustee and closing the case. (Bankr. Dkt. Nos. 1, 7, 10, 13, 16, 20 & 21.) The last of these filings was entered on September 2, 2014, and noticed by first class mail on September 4, 2014. (Bankr. Dkt. Nos. 21 & 23.) This would still have left sufficient time–if the Coop received it–for the Coop to stay the local court proceedings prior to Mr. Vazquez's arrest on September 19, 2014. Id.

It is uncontested that the Coop was left off of the creditor matrix when the case was filed, and consequently that the Coop did not receive notice of either the petition or of the meeting of creditors. (Bankr. Dkt. Nos. 1 & 8.) The Coop also points out that the amended schedules B and D did not comply with Local Bankruptcy Rule 1009-1 because, among other reasons, a copy of the original notice of the meeting of creditors was not provided to the omitted creditor. (Adv. Dkt. No. 39 at pp. 15-17; Adv. Dkt. No. 64 at pp. 5-6.)   As to the amended schedules themselves, which were noticed by the debtor, the Coop does not argue that its address was incorrect in the mailing list, although it does mention that the address listed in amended schedule D does not include the 4-digit extension to the zip code.[2] (Adv. Dkt. No. 54 at p. 2.) Regarding the court's orders, which were mailed by the Bankruptcy Noticing Center, the debtor does not raise any issue as to the listed address. (Bankr. Dkt. Nos. 18, 22 & 23.) The Coop simply states that it never received them. (Adv. Dkt. No. 39 at pp. 15-18.)

---

[2]/The certificate of service for amended schedule B states that it was sent by regular mail to the creditors that were not participating in the electronic filing system, which would include the Coop as it had not yet appeared in the case. (Bankr. Dkt. No. 13.) The court cannot verify this though, since the debtor did not attach a list of those creditors to the certificate. Id.

The debtor, for his part, maintains that the schedules and orders were sent to the Coop at the correct address by either him or the Bankruptcy Noticing Center, thus invoking the "mailbox rule." (Adv. Dkt. No. 17 at pp. 15-18.) He also points out that no mailing was ever returned to him, suggesting that the mail had been delivered to the proper party. (Adv. Dkt. No. 60 at p. 14.)

It is well settled that a rebuttable presumption of receipt is created by depositing into the mail system a properly addressed and stamped letter to the party to whom the letter was addressed. In re Robinson, 228 B.R. 75, 81 (Bankr. E.D. N.Y. 1998). Furthermore, "[a] debtor may rely on the Court's certificate of mailing to invoke the presumption of receipt." Id. The party against whom the presumption operates then has the burden of producing evidence to rebut the presumption, although the actual burden of persuasion remains unchanged. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 287 (3d Cir. 2006). The "quantum of evidence" necessary to destroy the presumption, however, is "minimal." Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314, 320 (3d Cir. 2014). Courts have held in the context of a motion for summary judgment, where all inferences must be drawn against the non-movant, that even "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment . . . even if the affidavit is 'self-serving.'" Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314, 320 (3d Cir. 2014).

In this case, the Coop has met that minimal burden. In support of its contention that it never received notice of Mr. Vazquez's bankruptcy, the Coop has submitted sworn statements by its executive president and the interim manager of the collection department averring that the Coop "did not receive any formal notice of the bankruptcy filing from

9

[p]laintiff and/or his counsel," and that the Coop "did not receive any formal notice, motion, [or] call" regarding the bankruptcy case prior to Mr. Vazquez's arrest in September 2014. (Adv. Dkt. Nos. 40-8 & 40-9.) The Coop also submitted a sworn statement by its local court counsel indicating that he had not received notice of the bankruptcy case either. (Adv. Dkt. No. 40-10.) The Coop has therefore raised an issue of material fact as to whether it knew prior to his arrest that Mr. Vazquez had filed for bankruptcy. The debtor's motion for summary judgment at docket number 17 is denied on this basis.[3]

The Willful Conduct Requirement

As to the second element of a violation of the automatic stay or discharge injunction claim, the Coop argues that it did not commit an act in violation of either. Rather, it was the debtor's own failure to appear at the July 1st hearing or to inform the local court that he had filed for bankruptcy–both completely outside of the Coop's control–that led the local court to find him in contempt and issue a warrant for his arrest. (Adv. Dkt. No. 64 pp. 7-8.) In any event, the Coop asserts that this type of contempt order, which serves to uphold the integrity of the court, is not covered by the automatic stay or discharge injunction. Id. The court disagrees.

---

[3]/The court points out that the Coop still bears the actual burden of persuasion on the notice issue at trial. And, as stated by the Ninth Circuit Bankruptcy Appellate Panel in In re Ricketts:

> Where the bankruptcy court record shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled.

In re Ricketts, 80 B.R. 495, 497 (B.A.P. 9th Cir. 1987).

10

First, it is well settled that creditors have an "affirmative duty under section 362 to take steps necessary to stop all collection activities against a debtor." Shabanoff v. Medoff ( In re Shabanoff), 2006 Bankr. LEXIS 382, at *16 (Bankr. D. Mass. Feb. 28, 2006); In re Daniels, 316 B.R. 342, 348 (Bankr. D. Idaho 2004) ("without question in this case, when Debtor filed for bankruptcy relief, the automatic stay precluded any further proceedings in Creditor's state court collection action against Debtor.") While the Coop had obtained pre-petition a judgment in the local court, it initiated a supplementary proceeding to examine the debtor's assets in order to help execute on that judgment. Assuming it had notice of Mr. Vazquez's bankruptcy, the Coop was obligated to take steps to inform the local court of the filing and to stay its post-judgment collection efforts. See Siskin v. Complete Aircraft Servs., Inc. (In re Siskin), 231 B.R. 514, 519-520 (Bankr. E.D.N.Y. 1999) ("Once Debtor filed his petition all actions to collect should have ceased. It was not for Debtor to have to purge himself of the contempt. Debtor's arrest and detainment post-petition were unquestionably violations of the automatic stay.")

As to the second point, it is true that while section 362(a) stays the commencement or continuation of a judicial proceeding against a debtor in order to provide breathing room from creditors, a court nevertheless must retain its "inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders." US Sprint Communications Co. v. Buscher, 89 B.R. 154, 156 (D. Kan. 1988). Seeking to balance these competing interests, some courts have looked to section 362(b)(1), which excepts from the automatic stay criminal proceedings undertaken against the debtor. 11 U.S.C. § 362(b)(1). These courts have reasoned that criminal contempt proceedings, those involving the "vindication of an offense against public justice ... utilized to protect the dignity of the judicial

11

system and to compel respect for its mandates," fall under the section 362(b)(1) exception and are therefore not covered by the automatic stay or discharge injunction. In re White, 478 B.R. 177, 182 (Bankr. S.D.N.Y. 2012) (citation omitted). On the other hand, civil contempt proceedings, where "any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right," are covered by section 362(a) and are thus stayed. Id.

A difficulty with this approach is that the line between civil and criminal contempt is often blurred, as both types of contempt involve some type of punishment for disobeying a court order. Recognizing this, courts have looked to the "purpose and character of the sanctions imposed, rather than to the label given to the proceeding by the court below." United States v. Bayshore Assocs., Inc., 934 F.2d 1391, 1401 (6th Cir. 1991) (quoting In re Kave, 760 F.2d 343, 351 (1st Cir. 1985)). Under this approach, bankruptcy courts must test on a case-by-case basis whether a contempt order or proceeding was designed to "punish[] the debtor for flouting prior court orders, or whether the contempt proceedings are veiled attempts to assist a creditor in collecting a debt or judgment." Bryner v. Smoak (In re Bryner), 2009 Bankr. LEXIS 1808, at *9-*10 (Bankr. D. Utah June 26, 2009).

The contempt order in this case falls into the latter category. The Coop obtained judgment in its local court collection action in August 2013. It was unable to collect on its judgment, however, so the Coop filed a supplementary proceeding under Puerto Rico Civil Procedure Rule 51.4 to examine the debtor's assets to aid in the execution of its judgment. See P.R. Laws Ann. tit. 32A App. V. R. 51.4. Mr. Vazquez was subpoenaed, under penalty of contempt, to appear at a hearing on the matter on May 20, 2014, bringing with him "all

evidence and documentation" as to his personal assets.[4] (Adv. Dkt. No. 34-3.) When he did not appear, the court entered an order to show cause as to why he should not be found in contempt, and the matter was reset for July 1, 2014. (Adv. Dkt. Nos. 40-5 & 40-6.) After he did not appear at the July 1st hearing either, the court ordered his arrest. (Adv. Dkt. No. 40-12.) In the minutes of the July 1st hearing, the court noted that "[t]he [Coop's] attorney certified that the defendant as of the present date has not made any payment at the [Coop]." Id. Bail was set at $500.00. Id. Under these circumstances, the court finds that the local court's contempt order was civil in nature, not criminal, and was therefore not excepted from the protections of the automatic stay or discharge injunction. Mr. Vazquez's continued failure to take part in the post-judgment proceeding was impeding the Coop's ability to collect on its judgment, which the local court sought to correct. See, e.g., In re Goodman, 277 B.R. 839, 841-42 (Bankr. M.D. Ga. 2001) (since "the debtor could purge himself of contempt and avoid incarceration," court found that, "even if the [arrest] warrant were based on Debtor's disrespect for the superior court, it is still being used as a collection device... [and] the arrest warrant is covered by the automatic stay.")

Based on the foregoing, the court denies the Coop's motion for summary judgment at docket number 39.

---

[4] Incidentally, this hearing was held seven days prior to the filing of his bankruptcy case. (Bankr. Dkt. No. 1.)

13

## V.     Conclusion.

Accordingly, the cross-motions for summary judgment at docket numbers 17 and 39

are denied.  A separate order shall be entered setting a date for the pre-trial hearing.


In Ponce, Puerto Rico, this 10th  day of May, 2016.

*Edward A. Godoy*

Edward A. Godoy
U.S. Bankruptcy Judge
