IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-04204 (EAG) |
| DELVIN Y. VAZQUEZ RODRIGUEZ, | |
| DEBTOR. | |
| DELVIN Y. VAZQUEZ RODRIGUEZ, | ADVERSARY NO. 14-00268 (EAG) |
| PLAINTIFF, | |
| v. | |
| COOPERATIVA DE AHORRO Y CREDITO DE CABO ROJO, | |
| DEFENDANT. | FILED & ENTERED ON 11/16/2016 |

OPINION AND ORDER

In an opinion and order dated May 10, 2016, the court denied cross motions for summary judgment in this case, and the matter was set for a pretrial conference. (Adv. Dkt. Nos. 65 & 69.) Defendant Cooperativa de Ahorro y Credito de Cabo Rojo (the "Coop") moved for judgment on the pleadings under Rule 12(c), in effect, requesting the court to reconsider its decision.[1] (Adv. Dkt. No. 71.) The Coop's request was denied on June 23, 2016 as being

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11of the United States Code, 11 U.S.C. §§ 101-1532, as amended. All references to "Bankruptcy Rule"are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule"are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule"are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule"are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

procedurally defective, both because the motion in substance was seeking reconsideration of the May 10th opinion and order and also because it required the court to take matters outside the pleadings into consideration. (Adv. Dkt. No. 79.) The Coop now brings before the court a motion for reconsideration under Rule 59(e). (Adv. Dkt. No. 81.) The debtor filed an opposition, and the Coop has replied. (Adv. Dkt. Nos. 89 &90.) For the following reasons, the Coop's motion for reconsideration is denied.

This time styled as a motion seeking reconsideration of the court's denial of the motion for judgment on the pleadings, the Coop's motion in substance again, as before, asks the court to overturn its May 10th opinion and order. (Adv. Dkt. No. 81 at p. 12.) And while a motion for reconsideration of the June 23rd order would be timely under Bankruptcy Rule 9023, which makes Rule 59(e) applicable to these proceedings, a request to amend or vacate the opinion and order would fall under the more exacting standard of Rule 60(b).[2] In any event, the court addresses the request for relief under both standards.

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Such motions cannot be used to relitigate matters

---

[2] As the Coop points out, the minutes for the June 23, 2016 hearing were entered on docket on June 29th, thus its motion, filed July 13, 2016, is timely under the 14-day term of Bankruptcy Rule 9023. (Adv. Dkt. Nos. 81 & 81-1.)

already decided by the court. See Rubio, 2012 U.S. Dist. LEXIS 135758, at *3; Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the . . . court prior to judgment.").

On the other hand, Rule 60(b)(1), made applicable to this case by Bankruptcy Rule 9024, provides that "the court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60 is also an extraordinary remedy, and courts are therefore granted "considerable discretion" in deciding such motions. In re Shepherds Hill Development Co., 316 B.R. 406, 418 (B.A.P. 1st Cir. 2004).

As an initial matter, to the extent that the Coop actually seeks reconsideration of the denial of its motion for judgment on the pleadings, that request is denied. The motion for reconsideration does not address the court's finding that the prior motion was seeking reconsideration of the opinion and order or that the Coop's motion required the court to take into consideration matters outside the pleadings, which is typically not permitted in a motion for judgment on the pleadings. See González-Trápaga v. Mayagüez Med. Ctr. Dr. Ramón Emeterio Betances, Inc., 2016 U.S. Dist. LEXIS 44533, *12-*13 (D.P.R. Mar. 30, 2016) (courts assessing motions for judgment on the pleadings "may not consider any matters outside of the pleadings unless the motion is treated as a motion for summary judgment."). Indeed, the Coop's motion for reconsideration for the most part re-asserts the same argument as the prior motion, based primarily on the minutes of a state court proceeding that were submitted as an

3

exhibit to the motion for summary judgment. See Adv. Dkt. No. 81 at p. 7 (citing Pl. Ex. 5, Adv. Dkt. No. 34-4.) In view of the above, the court denies the Coop's motion pursuant to Local Bankruptcy Rule 9013-2(a) to the extent that it seeks relief under Rule 9023, as it lacks sufficient points and authorities to support its position.

Turning to the thrust of the Coop's motion, that the opinion and order denying the cross motions for summary judgment should be overturned under Rule 60(b), the Coop argues that the court erred in finding that the "local court's contempt order was civil in nature, not criminal, and was therefore not excepted from the protections of the automatic stay or discharge injunction." (Adv. Dkt. No. 81; Adv. Dkt. No. 65 at p. 13.) The Coop maintains that the contempt order, and the debtor's subsequent arrest, were independent actions taken by the local court to vindicate its authority, and therefore that the Coop was not liable for failing to inform the local court that Mr. Vazquez, the debtor in the case of caption, had filed for bankruptcy. (Adv. Dkt. No. 81.)

Addressing whether the contempt order entered should be considered civil or criminal, the opinion and order states, in part:

> A difficulty with this approach is that the line between civil and criminal contempt is often blurred, as both types of contempt involve some type of punishment for disobeying a court order. Recognizing this, courts have looked to the "purpose and character of the sanctions imposed, rather than to the label given to the proceeding by the court below." United States v. Bayshore Assocs., Inc., 934 F.2d 1391, 1401 (6th Cir. 1991) (quoting In re Kave, 760 F.2d 343, 351 (1st Cir. 1985)). Under this approach, bankruptcy courts must test on a case-by-case basis whether a contempt order or proceeding was designed to "punish[] the debtor for flouting prior court orders, or whether the contempt proceedings are veiled attempts to assist a creditor in collecting a debt or judgment." Bryner v. Smoak (In re Bryner), 2009 Bankr. LEXIS 1808, at *9-*10 (Bankr. D. Utah June 26, 2009).

4

The contempt order in this case falls into the latter category. The Coop obtained judgment in its local court collection action in August 2013. It was unable to collect on its judgment, however, so the Coop filed a supplementary proceeding under Puerto Rico Civil Procedure Rule 51.4 to examine the debtor's assets to aid in the execution of its judgment. See P.R. Laws Ann. tit. 32A App. V. R. 51.4. Mr. Vazquez was subpoenaed, under penalty of contempt, to appear at a hearing on the matter on May 20, 2014, bringing with him "all evidence and documentation" as to his personal assets. (Adv. Dkt. No. 34-3.) When he did not appear, the court entered an order to show cause as to why he should not be found in contempt, and the matter was reset for July 1, 2014. (Adv. Dkt. Nos. 40-5 & 40-6.) After he did not appear at the July 1st hearing either, the court ordered his arrest. (Adv. Dkt. No. 40-12.) In the minutes of the July 1st hearing, the court noted that "[t]he [Coop's] attorney certified that the defendant as of the present date has not made any payment at the [Coop]." Id. Bail was set at $500.00. Id.

Under these circumstances, the court finds that the local court's contempt order was civil in nature, not criminal, and was therefore not excepted from the protections of the automatic stay or discharge injunction. Mr. Vazquez's continued failure to take part in the post-judgment proceeding was impeding the Coop's ability to collect on its judgment, which the local court sought to correct. See, e.g., In re Goodman, 277 B.R. 839, 841-42 (Bankr. M.D. Ga. 2001) (since "the debtor could purge himself of contempt and avoid incarceration," court found that, "even if the [arrest] warrant were based on Debtor's disrespect for the superior court, it is still being used as a collection device . . . [and] the arrest warrant is covered by the automatic stay.")

(Adv. Dkt. No. 65 at pp. 12-13.)

The court first notes that the Coop does not contest that creditors have an "affirmative duty under section 362 to take steps necessary to stop all collection activities against a debtor." Shabanoff v. Medoff ( In re Shabanoff), 2006 Bankr. LEXIS 382, at *16 (Bankr. D. Mass. Feb. 28, 2006); In re Daniels, 316 B.R. 342, 348 (Bankr. D. Idaho 2004) ("without question in this case, when Debtor filed for bankruptcy relief, the automatic stay precluded any further proceedings in Creditor's state court collection action against Debtor.") See Siskin v. Complete Aircraft Servs., Inc. (In re Siskin), 231 B.R. 514, 519-520 (Bankr. E.D.N.Y. 1999) ("Once Debtor filed his petition all actions to collect should have ceased. It was not for Debtor to have to

5

purge himself of the contempt. Debtor's arrest and detainment post-petition were unquestionably violations of the automatic stay.")

While the Coop attempts to distance itself from Mr. Vazquez's arrest, characterizing it as a vindication of authority for a local court frustrated by his repeated failure to attend various post-judgment hearings, the Coop cannot escape its obligation in the local court proceedings. As a result of the Coop's failure to inform the local court, this Court must try to determine whether the local court would have enforced its sanction against Mr. Vazquez if it knew that he had filed for bankruptcy. A review of the minutes of the July 1, 2014 hearing in which the local court ordered Mr. Vazquez's arrest does not suggest that the local court so wished.[3] (Adv. Dkt. No. 40-12.) Therefore, bearing mind that exceptions to the stay should be narrowly construed, the court does not find cause to reconsider its prior finding that the contempt order entered by the local court was civil in nature under the Rule 60(b) standard. (Adv. Dkt. No. 65 at p. 13); see Hillis Motors v. Hawaii Auto. Dealers' Ass'n (In re Hillis Motors), 997 F.2d 581, 590 (9th Cir. 1993)("Exceptions to the automatic stay should be read narrowly."); Fed. R. Civ. P. 60(b)(1).

As a final matter, the Coop in its reply again takes issue with various notices and amendments to schedules filed by the debtor in the main bankruptcy case, arguing that those deficiencies resulted in the Coop not receiving notice of Mr. Vazquez's bankruptcy. (Adv. Dkt. No. 90-1.) The court finds this argument equally unavailing because it fails to address the court's finding in the opinion and order that other notices, including the trustee's report of no

---

[3] Nor does the fact that the local court dismissed the case administratively and set aside the order of contempt and sanctions after learning that Mr. Vazquez had filed for bankruptcy. (Adv. Dkt. No. 17 at p. 5; Adv. Dkt. No. 54 at p. 5; Adv. Dkt. No. 34-5.)

6

distribution, were sent to the Coop at the correct address by the Bankruptcy Noticing Center prior to the debtor's arrest. (Adv. Dkt. No. 65 at pp. 7-8.)

Based on the foregoing, the court DENIES the Coop's motion for reconsideration at docket number 81.

In Ponce, Puerto Rico, this 16th day of November, 2016.

Edward A. Godoy
U.S. Bankruptcy Judge