IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-04204 (EAG) |
| DELVIN Y. VAZQUEZ RODRIGUEZ, | |
| DEBTOR. | |
| DELVIN Y. VAZQUEZ RODRIGUEZ, | ADVERSARY NO. 14-00268 (EAG) |
| PLAINTIFF, | |
| v. | |
| COOPERATIVA DE AHORRO Y CREDITO DE CABO ROJO, | |
| DEFENDANT. | FILED & ENTERED ON 01/13/2017 |

## OPINION AND ORDER

On May 10, 2016, the court denied cross motions for summary judgment in this case. (Adv. Dkt. No. 65.) Cooperativa de Ahorro y Credito de Cabo Rojo (the "Coop") sought reconsideration of the court's order through a motion for judgment on the pleadings. (Adv. Dkt. No. 71.) The court denied the motion during the pretrial conference, and the Coop subsequently moved to reconsider that order under Fed. R. Bankr. P. 9023. (Adv. Dk.t Nos. 79 & 81.)

On November 16, 2016, the court entered an opinion and order denying the Coop's motion for reconsideration. (Adv. Dkt. No. 92.) On November 29, 2016, the Coop filed notice that it was appealing this decision to the district court. (Adv. Dkt. No. 95.) The following day, the Coop moved to stay the adversary proceeding pending the appeal,

specifically requesting that the court continue the commencement of the trial, which is currently set for February 6, 2017 through February 8, 2017, until the appeal was decided. (Adv. Dkt. No. 98.) The plaintiff opposed the request, and both parties have filed replies.[1] (Adv. Dkt. Nos. 103, 105 & 109.)

Fed. R. Bankr. P. 8007 governs motions for stay pending an appeal. Courts consider the traditional four-part standard applicable to preliminary injunctions. See, Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." In re Triple A & R Capital Inv. Inc., 2015 Bankr. LEXIS 723 at *2-3 (Bankr. D.P.R. 2015). "Failure to satisfy even one of those requirements justifies denial of the stay." Fraterfood Serv. v. DDR Del Sol, LLC (In re Fraterfood Serv.), 2015 Bankr. LEXIS 3081 at *2 (Bankr. D.P.R. 2015). Granting a motion for stay pending appeal is discretionary. In re MJS Las Croabas Props., 2015 Bankr. LEXIS 1159 at *4 (Bankr. D.P.R. 2015).

In this case, the Coop's motion is denied due to a failure to meet the first prong, since it is well settled that a district court will only exercise its appellate jurisdiction over final orders, with certain exceptions not applicable here. 28 U.S.C. §§ 1291, 1292; Fed. R.

---

[1] The Coop has also moved for reconsideration of the court's order directing the plaintiff to file a sur-reply to the Coop's reply at docket number 105 within 21 days, in which the Coop sought to reduce the term for the plaintiff to state his position. (Adv. Dkt. No. 108.) The court denies this motion. In so doing, the court first notes that the Coop's initial motion requesting the stay of proceedings did not contain points and authorities in support its position, which is a basis for denying such a motion under P.R. L.B.R. 9013-2(a). The Coop only provided a legal argument in support of its motion in its reply. In the interest of fairness, the court then granted the plaintiff a term to respond to the Coop's legal argument. In any event, the plaintiff filed his position on January 3, 2017, well before the deadline set by the court.

Civ.P. 54(b). And, "[i]t is elementary that the denial of a motion for judgment on the pleadings seeking dismissal of an action is an interlocutory order; it is not a final judgment and generally is not immediately appealable." Stertz v. Gulf Oil Corp., 685 F.2d 1367, 1370 (Temp. Emer. Ct. App. 1981); see Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. Mass. 1996) (denying defendants' appeal of the district court's denial of their motion to dismiss, judgment on the pleadings, and for summary judgment, stating "[t]he denial of the defendants' motion is not independently appealable as a final order."); Tisdale v. South Carolina, 157 Fed. Appx. 593 (4th Cir. 2005) (an order denying a motion for judgment on the pleadings "is neither a final order nor an appealable interlocutory or collateral order."). While the Coop attempts to frame the court's denial of its motion for judgment on the pleadings as a final order, arguing that the opinion required certain legal determinations that are now final and appealable, the fact remains that the court's opinion and order was interlocutory in nature, and "effective [appellate] review is possible at a later time." 15A Charles Alan Wright, Arthur R. Miller et al., Federal Practice & Procedure § 3914.1 n.3 (3d ed. & Apr. 2016 Update).

In light of the above, the court denies the Coop's motion to stay proceedings at docket number 98.

In Ponce, Puerto Rico, this 13th day of January, 2017.

Edward A. Godoy
U.S. Bankruptcy Judge